878 F.2d 380
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Arthur B. JACOBY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph J. PAVLICO, Defendant-Appellant.
 No. 88-5563.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 10, 1989.
Decided June 20, 1989.
 
 Lawrence Wilson Hewitt, Scott H. Ray, Jr., for appellant.
 Max Oliver Cogburn, Jr., Assistant United States Attorney (Thomas J. Ashcraft, United States Attorney, on brief), for appellee.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants Arthur Jacoby and Joseph Pavlico appeal their convictions on numerous counts of mail fraud in violation of 18 U.S.C. Sec. 1341 and of making a false statement to the Securities and Exchange Commission in violation of 18 U.S.C. Sec. 1001. We find no merit in the appeals, and we affirm.
 
 
 2
 The defendants' convictions arose out of their activities in connection with an investment scheme operated by Financial and Business Services, Inc. (FBS) of which Jacoby and his wife were the sole shareholders. Pavlico was an investment salesman for the company. FBS advertised and promoted a sixteen percent return on money that FBS advised it would invest for its customers in second mortgages. FBS, however, so invested very little of the funds. It used most of the money to support smaller diverse companies owned and financed by FBS.
 
 
 3
 The business continued with various investors contributing from $5000 to $200,000 to FBS until the intervention of the SEC in 1985. FBS went into bankruptcy owing some 500 investors approximately $6.8 million, with close to $6 million unaccounted for. Of the money solicited from investors, only $385,997.92 had been invested in second mortgages.
 
 
 4
 At trial, Jacoby was found guilty on all the counts in the indictment. Pavlico was found guilty of 10 counts of mail fraud and one count of making false statements to the SEC.
 
 
 5
 Of the issues brought on appeal, one merits brief discussion. Jacoby requested, pursuant to 18 U.S.C. Sec. 3006(A)(e), production and inspection of certain banking records that he claimed he needed in preparation for his defense. Jacoby's motion was on the ground that he needed "to reconcile the deposit of funds and the disbursement of funds from said accounts." Those records were not found in the records of the business given to and examined by the receiver in bankruptcy who testified at the trial concerning the business debts.
 
 
 6
 Under Sec. 3006(A)(e)(1), counsel for an indigent party may request the court to authorize him to obtain "investigative, expert, or other services necessary for an adequate defense." The magistrate, in an order upheld by the district court, denied Jacoby's request for photocopies of all of the canceled checks of the business which would have included those from more than sixty checking accounts from different banking institutions in several States. The magistrate explained that Jacoby was not able to designate any specific checks from the accounts that would be exculpatory.
 
 
 7
 The decision to grant or deny a request for services under Sec. 3006(A)(e) is one committed to the discretion of the trial court, and will be overturned on appeal only for an abuse of discretion. United States v. Goodwin, 770 F2d 631, 635 (7th Cir.1985), cert denied, 474 U.S. 1084 (1986); United States v. Alden, 767 F2d 314, 319 (7th Cir.1984). As the government argued in this case, Jacoby is not accused of embezzling the money but of fraud for obtaining the funds under false pretenses from investors. Most of the funds collected do not appear at any time to have been placed in the accounts which FBS set up in trust for use to finance second mortgages as described to the investors. Exactly where Jacoby wrongfully invested the remaining funds is only marginally relevant, if at all, and not exculpatory, for the government did not make any argument or inference as to the whereabouts of the funds, only that the funds unaccounted for were not properly invested in the manner promised. Just as telling, although in confirmation, is the fact that Jacoby testified that he told many investors that their money would be used in other various investments than second mortgages, thus acknowledging that was the issue rather than the whereabouts of the money.
 
 
 8
 It is not the purpose of Sec. 3006(A)(e) to require the government to subsidize a fishing expedition unless the district court is satisfied that the defendant may have a plausible defense. Alden, 767 F2d at 318-319. So, in the circumstances present here, we are of opinion that the district court did not abuse its discretion in failing to grant Jacoby's request for services under Sec. 3006(A)(e).
 
 
 9
 We have considered the remaining assignments of error and are of opinion they are without merit.
 
 The judgments of the district court are
 AFFIRMED.[1]
 
 
 [1]
 While the panel at oral argument asked a question or two concerning sentencing, no issue concerning that is raised on appeal and nothing is decided with respect to it